PETERSON, Judge.
The state appeals an order suppressing evidence of a firearm, and the defendant, Charles Reeves, also known as Charles Stewart, cross-appeals an order denying suppression of evidence of cocaine and cannabis. We reverse on the appeal and affirm on the cross-appeal.
While driving his motorcycle, Reeves was injured when an automobile traveling in front of him hit a traffic cone. The cone was propelled onto his leg, causing a preexisting injury to become so painful that he was forced to stop and obtain emergency medical help. Both the fire department and an ambulance came to his aid, and after being examined, Reeves was placed on a stretcher and transported by ambulance to a hospital. While still at the scene, he asked a fireman to give to him the items that were on the back of his motorcycle so that they could be transported with him in the ambulance. The fireman removed the items that were underneath a webbed netting at the rear of the motorcycle seat and found a duffle bag, a soft leather case, and a leather jacket with zippered pockets. He felt the outline of a holster and the handle of a revolver when he picked up the soft leather case. The ambulance driver told the fireman that none of Reeves’ belongings could be transported in the ambulance. The fireman, aware that he could not take the possessions to the fire station since firearms were prohibited there, delivered them to a sheriffs deputy, a procedure routinely followed when private property is to be safeguarded.
The deputy inventoried Reeves’ belongings. The inventory revealed in the soft leather case a .38-caliber revolver and four live rounds in a holster, together with a “ninja-type” mask, and cannabis and cocaine in the zippered pockets of the jacket. The search, originally conducted as a routine inventory, then turned into a criminal investigation, and Reeves was charged with possession of the illegal substances. He was also charged with violating section 790.07, Florida Statutes (1989), in that he “did unlawfully display, use, threaten, or attempt to use a firearm, or carried a concealed firearm, to-wit: a handgun, while committing or attempting to commit a felony....”
Reeves moved to suppress evidence of the drugs and firearm. The trial court denied the motion as to the drugs but granted the motion as to the firearm. The transcript of the suppression hearing indicates that part of the rationale for suppressing the firearm was that Reeves did none of the acts prohibited by section 790.-07, that the firearm was not a concealed weapon under the definitions of chapter 790, and that Reeves appeared to have been in legal possession of the firearm since it was securely encased. See § 790.-001(16), Fla.Stat. (1989). The trial court had before it a motion to suppress pursuant to rule 3.190(h), Florida Rules of Criminal Procedure. Such a motion raises the issue of the legality of a search and seizure of evidence. It is not the function of a motion to suppress to determine whether the facts establish a prima facie case of guilt.
We conclude that the trial judge ruled correctly in denying suppression of the illegal substances but erred in suppressing the revolver. While Reeves acknowledges that inventory searches are recognized as an exception to the search warrant requirement of the fourth amendment, he argues that the deputy should not have rummaged generally through his belongings for evidence of a crime simply because he discovered a properly encased revolver and that the closed containers should not have been opened. Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). In Bertine, the Court stated:
*651 We emphasize that, in this case, the trial court found that the Police Department’s procedures mandated the opening of closed containers and the listing of their contents. Our decisions have always adhered to the requirement that inventories be conducted according to standardized criteria. See [Illinois v.] Lafayette, 462 U.S., [640] at 648, 103 S.Ct., [2605] at 2610 [77 L.Ed.2d 65 (1983)]; [South Dakota v.] Opperman, 428 U.S. [364], at 374-375, 96 S.Ct. [3092], at 3099-3100 [49 L.Ed.2d 1000 (1976)].
Id., 479 U.S. at 374, n. 6, 107 S.Ct. at 742, n. 6.
The sheriffs written policy manual does address the treatment of weapons during the taking of an inventory: “Weapons: Loaded weapons will not be accepted ... All bullets must be removed and placed in a sealed envelope with a separate article number.” While there was no evidence of a written policy regarding opening closed containers while taking an inventory, a deputy testified at Reeves’ suppression hearing that there was a policy, apparently unwritten, that required a search of closed containers. Nothing in Bertine or Wells, or in South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), or Illinois v. Lafayette, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), requires that a standardized policy must be written. The requirement that all items be inventoried whether or not contained in a sealed package or zippered pockets of a leather jacket is reasonable for the protection of officers and to determine the type of safekeeping that must be enlisted to protect and preserve the property. It would be tragic if a sheriff were to allow the introduction of an explosive device into a facility (usually a jail) for safekeeping simply because the sheriff is safeguarding property that is in a sealed container.
We affirm denial of the motion to suppress evidence of the illegal drugs but reverse the order suppressing evidence of the firearm. The cause is remanded for further proceedings.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and HARRIS, JJ., concur.